**Donald J. BESAW, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

**No. 91–1323.**

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 20, 1992.

Decided Feb. 25, 1992.*

---

* This decision was originally issued as an "unpublished decision" filed on February 25, 1992, 956 F.2d 268. On May 8, 1992, the court designated the opinion as one recommended for full-text publication.

John I. Tsiros, Van Benschoten, Hurlburt, Tsiros & Allweil, Saginaw, Mich. (briefed), for plaintiff-appellant.

Edward P. Studzinski, Department of Health and Human Services, Office of Gen. Counsel, Region V, Chicago, Ill. (briefed), Michael Hluchaniuk, Asst. U.S. Atty., Office of U.S. Atty., Bay City, Mich., for defendant-appellee.

Before: KEITH and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.

PER CURIAM.

Donald J. Besaw appeals the district court's judgment, which affirmed the Secretary's award of Social Security widower's benefits to him for a limited period of time. Besaw's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App.P. 34(a).

An administrative law judge (ALJ) found that Besaw was disabled for the closed period between May 10, 1985 and March 21, 1988. On April 2, 1990, the Appeals Council issued an opinion in which it declined to adopt the ALJ's findings. Instead, the Appeals Council ruled that Besaw had a continuing disability that began on December 3, 1984.

■ Besaw filed a timely complaint in federal district court seeking an earlier onset date for his disability. On January 11, 1991, the district court adopted a magistrate's recommendation and entered a summary judgment in favor of the Secretary. It is from this judgment that Besaw now appeals.

Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo,* make credibility determinations nor weigh the evidence.

*Brainard v. Secretary of Health and Human Services,* 889 F.2d 679, 681 (6th Cir. 1989) (per curiam) (citations omitted). Widowers are held to stricter standards than wage earners under the disability provisions of the Social Security Act. The Secretary may not consider a widower's age, education or work experience in determining disability. Instead, a widower must present specific clinical findings which demonstrate that he has an impairment or combination of impairments that are equivalent to the conditions that are described in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Dorton v. Heckler,* 789 F.2d 363, 365 (6th Cir.1986) (per curiam).

■ Besaw first argues that the ALJ was biased because he had ruled against him in a previous case. Besaw also alleges that the ALJ had an ex parte communication with a medical witness. However, the Appeals Council specifically rejected the ALJ's findings and conclusions regarding Besaw's period of disability. Thus, any bias by the ALJ would not have affected the Secretary's final decision. *See Mullen*

*v. Bowen,* 800 F.2d 535, 545–46 (6th Cir. 1986) (en banc).

Besaw next argues that his cardiovascular disease met or equalled the impairments that are described in Appendix 1. The record indicates that Besaw underwent a coronary bypass in October 1981. However, the results of a treadmill stress test, taken in September 1982, indicate that Besaw did not meet the criteria for a listed cardiac impairment. The results of this test provide substantial support for the Secretary's finding that Besaw was not disabled prior to 1984.

■ Besaw also argues that his psychiatric condition met or equalled the description of mental impairments in Appendix 1. The medical record indicates that Besaw suffers from anxiety and depression. However, there is no evidence that Besaw suffered a functional disability because of his emotional state before May of 1985. Therefore, it was reasonable for the Secretary to determine that Besaw's psychiatric impairment did not meet the listing of impairments until December 3, 1984, the date on which his treating physician noted his depression. *See Foster v. Bowen,* 853 F.2d 483, 489 (6th Cir.1988).

■ Finally, Besaw argues that the Secretary was bound by this court's decision in *Blankenship v. Bowen,* 874 F.2d 1116 (6th Cir.1989). In *Blankenship,* the court held that the onset date of progressively disabling conditions may be inferred from the claimant's medical history and symptomatology. *Id.* at 1122. However, the Secretary is not required to disprove an earlier onset date if his determination regarding the onset of the disability is supported by substantial evidence. *Id.* at 1121. The Secretary's determination that Besaw became disabled on December 3, 1984, is not inconsistent with this holding. In contrast to the situation in *Blankenship,* the Secretary found that Besaw's psychiatric disability began more than a year prior to the first clinical evidence of a functional impairment.

Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.