7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent-Appellee.
 No. 92-4256.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1993.
 
 Before: BOGGS and SILER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Claimant David A. Johnson ("Johnson") appeals the judgment of the district court affirming the Secretary of Health and Human Service's ("Secretary") denial of social security disability benefits. Johnson claims that the Secretary erred in determining that (1) his physical impairment was not disabling before April 9, 1990, (2) his mental impairment was not disabling before April 9, 1990, and (3) prior to April 9, 1990, he could perform work which exists in significant numbers. For the following reasons, we affirm the district court.
 
 Background
 
 2
 Johnson's condition deteriorated following treatment for Hodgkin's disease in 1986. In 1987, he suffered leg pain and limited stamina and could only farm part-time. In 1989, he suffered muscle spasms, side effects from medication, and limited ability to stand, walk, sit, and lift weight. However, Dr. Leimbach, a medical advisor, testified that Johnson could perform sedentary work with proper conditioning. In 1991, Johnson had increasing back and leg pain. A vocational expert, Dr. Riccio, testified that Johnson could perform 3,000 jobs in the region.
 
 
 3
 Medical records dating from 1987 report Johnson's tiredness and weakness. Dr. Walker, a specialist in hematology-oncology, recommended abstention from physical work. Other doctors determined that Johnson would need up to a year to regain his strength. Furthermore, the records report Johnson's complaints of disabling leg pain. Nevertheless, Dr. Walker's notes for the latter half of 1987 indicate that Johnson improved markedly, worked six hours a day, began working at a tobacco warehouse, and was active. In 1988, Dr. Levert, a neurologist, found that Johnson suffered from disabling lumbosacral disease. However, an MRI revealed only a congenital spinal disorder. Furthermore, Johnson admitted that he was essentially asymptomatic when up and active. In 1990, Dr. Malhotra, another neurologist, determined that Johnson could work in an environment affording him the chance to sit and stand alternately.
 
 
 4
 Medical records contain scant references to Johnson's "anxiety" or "depression." Furthermore, Johnson was not examined by a mental health professional until April 9, 1990, when a psychologist concluded that Johnson could not withstand the pressures of daily work.
 
 
 5
 The administrative law judge ("ALJ") determined that Johnson was eligible for supplemental security income benefits as of April 9, 1990. However, the ALJ also found that Johnson was not disabled until April 9, 1990. Johnson's insured status for social security disability benefits expired on June 30, 1989. Therefore, the ALJ denied Johnson disability benefits. Johnson appeals from the portion of the district court's judgment that affirms the denial of disability benefits.
 
 Analysis
 
 6
 Social security regulations mandate a sequential evaluation in disability cases. See 20 C.F.R. §§ 404.1520. Johnson challenges the bases of several findings that are pertinent to the evaluation of his disability case, including the findings that his physical impairment was not disabling before April 9, 1990, that his mental impairment was not disabling before April 9, 1990, and that, prior to April 9, 1990, he could perform work which exists in significant numbers. In this regard,
 
 
 7
 [j]udicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 8
 Besaw v. Secretary of Health & Human Servs., 966 F.2d 1028, 1030 (6th Cir.1992) (quoting Brainard v. Secretary of Health & Human Servs., 889 F.2d 679, 681 (6th Cir.1989)).
 
 
 9
 1. Johnson's physical impairment was not disabling before April 9, 1990.
 
 
 10
 Substantial evidence supports the ALJ's determination that Johnson's physical impairment was not disabling before April 9, 1990, and Johnson's arguments to the contrary must be rejected. First, although some reports conclude that Johnson was disabled before that time, these reports either do not disavow Johnson's ability to do sedentary work or are contradicted by contemporaneous evidence. Thus, the reports do not undermine the ALJ's conclusion that Johnson remained able to do sedentary and light work. Even if the medical evidence is seen as conflicting on this point, the ALJ's resolution of the evidence is entitled to deference. See Mullins v. Secretary of Health & Human Servs., 836 F.2d 980, 984 (6th Cir.1987).
 
 
 11
 Second, the ALJ properly discounted Johnson's subjective complaints in view of his "daily activities," see 20 C.F.R. § 404.1529(c), and because the complaints contradicted the ALJ's personal observations and the objective medical evidence, see Tyra v. Secretary of Health & Human Servs., 896 F.2d 1024, 1030 (6th Cir.1990). This court must defer to the ALJ's credibility assessment. Id.[1]
 
 
 12
 2. Johnson's mental impairment was not disabling before April 9, 1990.
 
 
 13
 Substantial evidence supports the ALJ's finding that Johnson's mental impairment was not disabling before April 9, 1990, and Johnson's arguments to the contrary must be rejected. First, the ALJ did not apply an improper standard of proof. Second, even if Johnson suffered a mental impairment before April 9, 1990, this does not resolve the issue of when the impairment became disabling. See Besaw, 966 F.2d at 1030 (focusing on "the onset of the disability"). Third, the scant references to Johnson's "anxiety" or "depression" do not suggest disabling impairment before April 9, 1990. Once again, April 9, 1990, marks the first time it was determined that Johnson could not withstand the pressures of daily work.
 
 
 14
 Fourth, there is no indication that Johnson's mental impairment was disabling before it was diagnosed. This follows because "the first clinical evidence of a functional impairment" appeared on April 9, 1990, Besaw, 966 F.2d at 1030, and Johnson suffered episodic depression rather than gradual decline. Thus, in contrast to the situation in Blankenship v. Bowen, 874 F.2d 1116, 1122 (6th Cir.1989), an earlier onset date cannot be inferred. Fifth, even if the ALJ erred in stressing Johnson's failure to seek treatment before April 9, 1990, see id., at 1124, this error does not undermine the substantial evidence that otherwise supports the ALJ's finding.
 
 
 15
 3. Prior to April 9, 1990, Johnson could perform a significant number of jobs.
 
 
 16
 Substantial evidence supports the ALJ's finding that Johnson was capable of performing "work which exists in significant numbers either in the region where [he] lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A); see Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990). First, the ALJ decided that the medical-vocational guidelines (also known as the "grids") provide a "framework" for concluding that Johnson was not disabled before April 9, 1990. Use of the grids as a framework to provide guidance for decisionmaking is permissible. See Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir.1990).
 
 
 17
 Second, the vocational expert, Dr. Riccio, testified that Johnson had the ability to perform 3,000 jobs in the Southeastern Ohio area. He also stated the incidence of six occupations, comprising 660 of the 3,000 jobs. Riccio's testimony complied with the requirements of Social Security Ruling 83-12.[2] In light of the medical-vocational guidelines and Riccio's testimony, the finding that Johnson could perform work existing in significant numbers is supported by substantial evidence and is conclusive. See Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988).
 
 Conclusion
 
 18
 The Secretary's decision is supported by substantial evidence. Therefore, the district court properly affirmed the denial of disability benefits. AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Johnson suggests that the ALJ was biased against him but cites nothing that supports this suggestion
 
 
 [2]
 Social Security Ruling 83-12 provides, in relevant part, as follows:
 Whenever vocational resources [including vocational experts] are used, and an individual is found to be not disabled, the determination or decision will include (1) citations of examples of occupations/jobs the person can do functionally and vocationally, and (2) a statement of the incidence of such work in the region in which the individual resides or in several regions of the country.