68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lowell T. PHILLIPS, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-5388.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1995.
 
 Before: BROWN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Lowell T. Phillips appeals a district court judgment affirming the Secretary's denial of his application for social security disability insurance benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Phillips filed applications for social security disability insurance benefits and for supplemental security income benefits alleging that he suffered from a heart condition. Following a hearing, an Administrative Law Judge (ALJ) determined that Phillips was not disabled prior to the expiration of his insured status. However, the ALJ determined that Phillips had become disabled as of the date of his application for supplemental security income benefits. The ALJ denied Phillips's application for disability insurance benefits, but granted Phillips's application for supplemental security income benefits. The ALJ found that prior to the expiration of his insured status, Phillips could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Phillips then filed a complaint seeking review of the Secretary's decision. The district court affirmed the denial of disability insurance benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam).
 
 
 5
 Phillips feels that the Secretary erred in establishing the onset date of his disability after the expiration of his insured status. Phillips contends that the onset date of disability established by the ALJ was arbitrary, irrational, and not supported by substantial evidence.
 
 
 6
 In cases contesting the onset of disability, the issue is whether there is substantial evidence in the record to support the Secretary's findings of when a claimant's disability began. Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (per curiam). The claimant must prove that he became disabled prior to the date selected by the Secretary. Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988). The Secretary is not required to refute evidence that another onset date of disability could have been chosen, Blankenship v. Bowen, 874 F.2d 1116, 1121 (6th Cir. 1989) (per curiam), nor is the Secretary required to disprove any earlier onset date, as long as the Secretary's determination regarding the onset date is supported by substantial evidence. Besaw v. Secretary of Health and Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam). The medical evidence in the record prior to the expiration of Phillips's insured status simply does not show that he was totally disabled.
 
 
 7
 Accordingly, we affirm the district court's judgment.