91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roosevelt SWANN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-1678.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1996.
 
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; and JORDAN,* District Judge.
 MILBURN, Circuit Judge.
 
 
 1
 Claimant Roosevelt Swann, who was found to be disabled as of March 11, 1986, and was awarded benefits as of that date, appeals the district court's order affirming the Commissioner's decision that the onset date of his disability, for purposes of his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g), was March 11, 1986. On appeal, the issues are (1) whether substantial evidence supports the decision of the Appeals Council that the claimant was disabled as of March 11, 1986, but not earlier; (2) whether the Appeals Council properly applied res judicata with respect to the final administrative decision which denied his prior application for benefits; and (3) whether the raising of res judicata by the Appeals Council to preclude a finding of disability prior to August 1993 was a denial of due process because the issue had not been raised during several previous administrative hearings. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 Claimant filed an initial application for disability insurance benefits on September 14, 1989. The application was denied initially, upon reconsideration, and by an administrative law judge ("ALJ") following claimant's request for a hearing. The ALJ's decision of August 11, 1983, finding that claimant was not disabled, was affirmed by the United States District Court for the Eastern District of Michigan on March 28, 1995.
 
 
 3
 Claimant filed a second application for disability insurance benefits on October 11, 1984, alleging disability as of December 1981 due to the residual effects of surgeries on his back, stomach, and right shoulder. The application was denied upon initial review and claimant sought no further action.
 
 
 4
 Claimant filed a third application for disability insurance benefits on April 30, 1985, again alleging that he became disabled in December 1981 due to multiple impairments. This application was denied initially and upon reconsideration. Thereafter, on April 14, 1986, an ALJ remanded claimant's case to the state agency for evaluation of his claim of mental impairment. The claim was again denied initially and upon reconsideration.
 
 
 5
 Following an administrative hearing, the ALJ issued a decision on November 13, 1987, finding that claimant could perform his past work or a significant number of other jobs and, therefore, was not disabled. Subsequently, on May 24, 1988, the Appeals Council remanded the case to the ALJ for the gathering of additional evidence, including a consultative psychiatric examination and statements concerning claimant's daily activities and medical treatment. Claimant did not appear at the supplemental hearing which was scheduled for April 24, 1989. On June 9, 1989, an ALJ issued a decision and order finding that claimant was not disabled because he was capable of performing his past relevant work as a machine repairman. The Appeals Council granted claimant's request for review and remanded the case for further hearing, on the ground that tapes of the August 1987 hearing, containing the testimony of the medical advisor and the vocational expert ("VE"), were lost.
 
 
 6
 A new hearing was held on April 9, 1992. Thereafter, on May 28, 1992, the ALJ issued a decision finding that claimant became disabled as of September 11, 1986, but not earlier. The Appeals Council granted claimant's request for review. On July 7, 1993, the Appeals Council issued a decision finding that claimant was disabled as of March 11, 1986, but not earlier. The Appeals Council also applied res judicata, finding that the previous final decision of the Secretary on claimant's application for benefits of September 14, 1982, would bar an extension of the onset date of disability.[1]
 
 
 7
 Claimant sought judicial review of the final decision of the Commissioner in the district court. The matter was referred to a magistrate judge, who on August 19, 1994, issued a report and recommendation, recommending that the district court affirm the final decision of the Commissioner. After de novo review, the district court issued an opinion and order on May 31, 1995, adopting the magistrate's report and affirming the Commissioner's decision that claimant was disabled as of March 11, 1986, but not earlier.
 
 B.
 
 8
 Claimant was born in June 1935. He attended but did not complete the tenth grade. His past work was as a machine operator and machine repairman. As a machine repairman, claimant lifted no more than ten pounds. R. 199. Claimant had to bend frequently on this job, and he was on his feet for six hours out of an eight-hour day. R. 199. Claimant testified that he stopped working in December 1981 when the factory at which he worked was closed and his position was eliminated. He also indicated that he would have continued working if his job had not been eliminated. R. 137-40.
 
 
 9
 Claimant's insured status expired on September 30, 1987. Thus, he has been receiving disability benefits since the Appeals Council found that he was disabled as of March 11, 1986. In this case, he seeks benefits commencing at an earlier date, arguing that the onset date of his disability was August of 1983, or before.
 
 
 10
 At the hearing before the ALJ on April 9, 1992, claimant testified that he was unable to work due to a number of conditions, including pain in his right shoulder, back, and left leg, shortness of breath, stomach problems, and drinking. Claimant was treated for bile reflux gastritis in 1976, R. 245, and underwent surgery for the condition. R. 248. He also underwent surgery for gastric carcinoma in 1974. R. 245. Dr. Manuel Sklar, a treating physician, noted that claimant responded to antacids and pain medication. R. 272.
 
 
 11
 Claimant injured his right shoulder in 1978; however, in November 1984, Dr. M.C. Wood found a fair range of motion in the right shoulder, and in a November 1985 examination, Dr. N. Vicencio found a "minimal limitation of the range of motion of the right shoulder." R. 309.
 
 
 12
 Claimant complained of back pain, which resulted in laminectomies in 1971 and 1978. R. 247, 262. Dr. Elizabeth Edmond, who treated claimant's back condition, reported in May 1986 that claimant's "[l]umbrosacral range of motion [was] in normal limits," with negative straight leg raising. R. 393.
 
 
 13
 Dr. Boris Kreel examined claimant in January 1983. He concluded, among other things, that claimant was "under a tremendous amount of emotional stress" and exhibited "a tremendous element of emotional instability." R. 271. However, on June 17, 1986, Dr. Gordon Forrer performed a psychiatric evaluation of claimant. Dr. Forrer stated that he did not find "that [claimant] has any outstanding psychiatric symptomatology at this time; certainly, not of a sufficient degree to justify a psychiatric diagnosis." R. 386.
 
 
 14
 Subsequently, on September 11, 1986, Dr. Gerald Shiener performed a psychiatric evaluation of claimant.[2] R. 394-97. He diagnosed a major affective disorder, and depression accompanied by a physiological disturbance of chronic low back pain. He also stated that claimant had a chronic pattern of substance abuse and had become dependent on the use of alcohol, sedatives and opium to relieve pain. Dr. Shiener also opined that claimant's illness "ha[d] been present for at least four to five years in its most severe form." R. 396.
 
 
 15
 Dr. Richard Feldstein testified as a medical advisor at the April 1992 administrative hearing. Dr. Feldstein testified that claimant's affective disorder, depression, and substance addiction satisfied the requirements of §§ 12.04 and 12.09 of the listings of impairments since September 1986 when he was examined by Dr. Shiener. R. 169-172. Dr. Feldstein also stated that claimant's impairments would have gradually and chronically progressed; however, he was unable to identify any specific date prior to Dr. Shiener's report at which those impairments reached a disabling severity. Id.
 
 II.
 A.
 
 16
 Claimant argues that the Commissioner's finding that the onset date of his disability was March 11, 1986, but not earlier, is not supported by substantial evidence. Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Secretary's decisions. Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 535 (6th Cir.1981), cert denied, 461 U.S. 957 (1983). This court does not "try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 17
 In determining whether the Secretary's factual findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). If supported by substantial evidence, the Secretary's decision must be affirmed even if a reviewing court would decide the matter differently, see Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if substantial evidence would also support the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 18
 "A social security disability claimant bears the ultimate burden of proof on the issue of disability." Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984). However, once a claimant makes out a prima facie case that he cannot perform his usual work due to his disability, the burden of proof then shifts to the Secretary to show that there is work in the national economy which the claimant can perform. Martonik v. Heckler, 773 F.2d 236, 239 (8th Cir.1985); Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The Secretary must prove that having considered the claimant's present job qualifications, "such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job." Young v. Secretary of Health and Human Servs., 925 F.2d 146, 148 (6th Cir.1990).
 
 
 19
 In his decision of May 28, 1992, the ALJ found, based upon the testimony of Dr. Feldstein, the psychiatric medical expert who testified at the supplemental administrative hearing, that claimant was disabled because he "can be found to have met the requirements of Sections 12.04 A and B, and 12.09 of the Listing of Impairments continuously since September 11, 1986, the date on which he was evaluated by Dr. Shiener." J.A. 50. The ALJ, however, rejected an earlier onset date, stating that Dr. Shiener's "opinion that the claimant's illness had been present in a serious form for at least 5 years is entirely speculative and without any objective, probative support in the record." Id. The ALJ further found that "the claimant retained the residual functional capacity to perform his past relevant work as a machine repairman until September 11, 1986." J.A. 51. Specifically, the ALJ stated that "claimant's past relevant work as a machine repairman was well within the above evaluated residual functional capacity." J.A. 50-51.
 
 
 20
 On review of the ALJ's decision, the Appeals Council stated that it had "concluded that it would be reasonable to establish the onset of [claimant's] disability six months before Dr. Shiener's examination." J.A. 741. Specifically, the Appeals Council stated that:
 
 
 21
 The Administrative Law Judge found that you were under a disability commencing September 11, 1986, the date you were examined by Dr. Gerald Shiener. The Administrative Law Judge based his finding, in part, upon the testimony of Dr. Richard Feldstein, who expressed the opinion that your impairments met the clinical requirements of sections 12.04 and 12.09 of Appendix 1, Subpart P of the regulations based on Dr. Shiener's findings.... However, Dr. Feldstein also stated that your illness had a gradual and progressive onset and that your symptoms and clinical findings would have been at the listed level of severity sometime before Dr. Shiener's evaluation.
 
 
 22
 J.A. 741.
 
 
 23
 In this case, the Appeals Council's finding that the onset date of claimant's disability was March 11, 1986, but not a prior time, is supported by substantial evidence. At the supplemental administrative hearing on April 9, 1982, the medical advisor, Dr. Richard Feldstein, stated that claimant satisfied the listings at §§ 12.04 and 12.09 at least as early as the date of Dr. Shiener's examination in September 1986. He also stated that claimant would have satisfied the listings at sometime prior to September 1986, but stated that he could not give an exact date, particularly, given the lack of "further medical records or examinations from 1983 to 1986," concerning claimant's mental condition. J.A. 173.
 
 
 24
 "[T]he onset date of progressively disabling conditions may be inferred from the claimant's medical history and symptomatology." Besaw v. Secretary of Health and Human Servs., 966 F.2d 1028, 1030 (6th Cir.1992) (per curiam). "However, the Secretary is not required to disprove an earlier onset date if his determination regarding the onset of the disability is supported by substantial evidence." Id.
 
 
 25
 In his testimony, Dr. Feldstein noted that a January 1983 report from Dr. Kreel, R. 271, stated that claimant was experiencing " 'a tremendous element of emotional instability." However, even if the claimant has a medically determinable or diagnosable mental condition, he must nonetheless establish that such condition is severe enough to be disabling. See, e.g., Foster v. Bowen, 853 F.2d 483, 488 (6th Cir.1988). Thus, merely because claimant had some diagnosable, or at least noticeable, mental difficulties in January 1983, does not establish that he was disabled at that time.
 
 
 26
 Moreover, as Dr. Feldstein correctly noted, the record from 1983 to September 1986 is devoid of medical reports showing that claimant suffered from a mental impairment of disabling severity. The doctors who treated claimant for his physical conditions during that period did not report that claimant was experiencing mental or emotional problems. In addition, claimant did not seek or receive any psychological or psychiatric treatment during this period, and he saw Dr. Shiener in September 1986 at the request of his attorney.
 
 
 27
 Claimant asserts that the Appeals Council's decision that "[p]rior to March 11, 1986, [he] retained the residual functional capacity to perform the requirements of medium work, including his past relevant work as a machine repairman," is not supported by substantial evidence. R. 9. We disagree. The Appeals Council's finding is supported by substantial evidence.
 
 
 28
 Claimant's neurological impairments, including an injury to his right shoulder and his back pain, which resulted in two laminectomies, stemmed from injuries which occurred prior to the time he left work in 1981. Claimant also had gastrointestinal difficulties, including an ulcer, a gastric resection for cancer of the stomach, and surgery for bile reflux esophagitis, all of which pre-dated the time he left work in 1981. As earlier stated, claimant testified that he stopped working because the factory at which he worked was closed and his job was eliminated. R. 137. He also stated that he would have continued working if his job had not been eliminated. R. 138. Claimant's ability to work despite these physiological conditions militates against his claim that these conditions were disabling. See, e.g., Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam). Furthermore, although the record contains evidence of such neurological deficits, there is no evidence showing that his neurological condition worsened after he quit working or at any time prior to March 1986.
 
 
 29
 In addition, as is discussed below, the Appeals Council acted within its powers in concluding that the August 11, 1983 final decision denying his prior claim for benefits was res judicata and established that he was not disabled on or before that date. There is not substantial evidence in the record showing that claimant's physiological condition deteriorated after August 11, 1983, and became disabling at some time prior to the March 11, 1986 onset of disability determined by the Appeals Council. Further, as is discussed above, there also is not substantial evidence in the record establishing that claimant's mental impairments, either singly or in combination with his physical impairments, were disabling at any time prior to the March 11, 1986 onset date of disability determined by the Appeals Council.
 
 
 30
 In this case, claimant acknowledged that he was capable of performing his past work in December 1981 when his job was eliminated for reasons unrelated to his ability to perform the work. Moreover, the Appeals Council properly noted that claimant was not disabled as of August 1983, the date of the final administrative decision denying his first application for benefits. Furthermore, although claimant asserts that the ALJ erred in assessing his complaints of disabling pain, the ALJ addressed the evidence of record and found claimant not fully credible at least to the extent that he asserted he was unable to perform his past relevant work. In finding claimant capable of performing his past relevant work, at least until March 11, 1986, the Appeals Council rejected his subjective allegations of incapacitating limitations.
 
 
 31
 The record does not establish any significant deterioration in claimant's condition until September 1986, when Dr. Shiener described him as exhibiting mental or emotional impairments of disabling severity. Rather, as Dr. Feldstein, the medical advisor testified, claimant's mental impairments would have gradually worsened. Further, the Appeals Council reasonably relied on the testimony of the medical advisor in finding claimant disabled in March 1986, six months before Dr. Shiener's diagnosis. Accordingly because the onset date selected by the Appeals Council is supported by substantial evidence, and because substantial evidence would not support a finding of an onset date prior to March 11, 1986, but after August 11, 1983, we conclude that the district court properly affirmed the Appeals Council's finding that the onset date of claimant's disability was March 11, 1986.
 
 B.
 
 32
 Claimant also argues that the Appeals Council erred in applying res judicata with respect to the final administrative decision denying his prior application for benefits. As earlier stated, the Appeals Council found the August 11, 1993 final decision, which denied claimant's first application for benefits, was res judicata, and established that he was not disabled on or before that date. On judicial review, the district court found that it had no jurisdiction to review the Appeals Council's application of res judicata, because the prior denial of benefits had not been reopened, and claimant had not presented a colorable constitutional claim.
 
 
 33
 Claimant first contends that the Appeals Council's failure to "give notice ... of the intent to raise the issue of administrative res judicata" prior to the notification of a proposed decision by the Appeals Council on April 27, 1993, denied him procedural due process. Appellants' brief at 8. "Since the advent of [the decision in Califano v.] Sanders, [430 U.S. 99 (1977),] the courts have held that, absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata." Parker v. Califano, 644 F.2d 1199, 1201 (6th Cir.1981).
 
 
 34
 In effect, claimant contends that because the res judicata effect of the final denial of his prior application was not noted at every step in the administrative resolution of his claim, he should have been notified of the potential application of res judicata. Claimant further asserts that because he was not notified of the potential application of res judicata, he was prevented from developing evidence to rebut this presumption.
 
 
 35
 However, when claimant filed his subsequent applications for disability insurance benefits, in October 1994 and April 1985, respectively, he did indicate that he had previously applied for benefits. Thus, just by completing his subsequent applications, claimant had some degree of notice that his prior application was of potential significance with respect to his subsequent applications.
 
 
 36
 In Harper v. Secretary of Health and Human Servs., 978 F.2d 260, 264 (6th Cir.1992) (per curiam) (citation and footnote omited), we stated:
 
 
 37
 In Mullen v. Bowen, 800 F.2d 535 (6th Cir.1986) (en banc), this court noted that the Appeals Council may review any determination by an ALJ that it chooses to review, whether or not there has been an application for such review. The Appeals Council is empowered to consider all aspects of a decision, even if the claimant seeks review of a portion only--and the council need not give notice to the claimant of its intent to review the entire decision.
 
 We also noted that:
 
 38
 the Courts of Appeals for the Fifth and Seventh Circuits have held that the [appeals] council can reopen a decision by an ALJ to grant a hearing, and--even if a hearing has actually been held--can dismiss on res judicata grounds. Ellis v. Schweiker, 662 F.2d 419 (5th Cir.1981); Johnson v. Sullivan, 936 F.2d 974 (7th Cir.1991) See also Taylor v. Heckler, 765 F.2d 872, 874-77 (9th Cir.1985) (upon second application, ALJ reopened first application and found claimant disabled; Appeals Council vacated ALJ's decision and dismissed on res judicata grounds). We agree with these decisions, and we adopt their reasoning.
 
 
 39
 Id. at 264-65. Furthermore, the Appeals Council did notify claimant that "[a]bsent persuasive argument or new and material evidence, [it was] prepared to dismiss the request for hearing as it pertains to the issue of disability through August 11, 1983, under the doctrine of res judicata." R. 742. Claimant's "persuasive argument" was limited to an argument that the issue of res judicata had been waived and the previous denial of his application for benefits had been reopened. Thus, claimant was not denied procedural due process by the Appeals Council's failure to notify him of its intent to raise res judicata.
 
 
 40
 Claimant also asserts, relying on Poulin v. Bowen, 817 F.2d 865, 869 (D.C.Cir.1987), that the Appeals Council was estopped from applying res judicata because it had not been applied in previous administrative proceedings. We rejected this argument in Harper, 978 F.2d at 265, stating:
 
 
 41
 Poulin v. Bowen, 817 F.2d 865 (D.C.Cir.1987), ... is not in [sic] point. In Poulin, the ALJ reopened a prior claim and considered it on the merits. The Appeals Council also considered the claim on the merits. The court of appeals simply held that where the Secretary does not rely on the res judicata defense in agency proceedings, he cannot raise it initially upon judicial review.
 
 
 42
 Here, the Commissioner relied on the res judicata defense in the agency proceedings, and, as will be discussed below, claimant's prior claim was not reopened and considered on the merits.
 
 
 43
 Moreover, contrary to claimant's assertions, the Appeals Council did not reopen his prior application. In applying res judicata, the Appeals Council declined to reopen claimant's prior application, and it expressly stated that its decision was based on his April 1985 application. R. 9. The Appeals Council's decision not to reopen claimant's prior application is not subject to judicial review. Sanders, 430 U.S. at 107-08 (1977).
 
 
 44
 Further, the administrative actions which claimant contends reopened his prior application neither explicitly nor implicitly did so. In April 1986, the ALJ remanded the case to the state agency for consideration of claimant's mental impairment, and in May 1988, the Appeals Council remanded the case to the ALJ for additional evidence. Neither of these actions referred to claimant's prior application for benefits, much less expressly stated that they were reopening the prior denial.
 
 
 45
 Furthermore, the final decision in this case was the decision of the Appeals Council, which declined to open the claim. Claimant also has not shown any colorable constitutional claim in connection with the Appeals Council's decision not to reopen his claim. Thus, neither we, nor the district court, have jurisdiction to review the Appeals Council's application of res judicata with respect to the August 11, 1983, final decision denying claimant's prior application.
 
 III.
 
 46
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 However, the Appeals Council also found that since the "established onset of 'disability,' i.e., March 11, 1986, postdates the previously final decision of the Secretary on the claimant's application of September 14, 1982, [which was August 11, 1983] the action carries no practical effect in terms of benefits payable to the claimant under the terms of this decision." J.A. 8
 
 
 [2]
 Claimant underwent several psychiatric or psychological evaluations subsequent to Dr. Shiener's evaluation; however, none of the evaluators provided evidence which would support a finding of an onset date of disability prior to March 11, 1986. Because the issues in this case involve the onset date of claimant's disability, we have only briefly summarized the evidence of record. As the evidence is fully set forth in the numerous decisions of the administrative law judges and the Appeals Council as well as the magistrate judge's report and recommendation, we have not fully summarized it here. We have referred to the evidence with more specificity where necessary