**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0892n.06

No. 13-1207

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 15, 2013

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| PAUL W. DELOGE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: KEITH, GUY, and GIBBONS, Circuit Judges.

PER CURIAM. Paul Deloge appeals a district court judgment that affirmed the denial of his applications for disability insurance benefits and supplemental security income payments.[1] *See* 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

Deloge injured his back in 1992 while serving in the military. Ten years later, Deloge filed applications with the Social Security Administration for disability insurance benefits and supplemental security income payments. An administrative law judge ("ALJ") initially denied Deloge's claim in October 2004, but the Appeals Council vacated that decision and remanded the claim to the ALJ. Deloge appeared before the ALJ in April 2005, and after examining the results

---

[1]Deloge does not appeal the denial of his application for supplemental security income payments.

of several medical examinations performed by the Department of Veterans Affairs (VA), the ALJ found that Deloge had severe impairments, including fibromyalgia, migraine headaches, and degenerative disc disease of the lumbar spine. Applying the Social Security Administration's five-step sequential evaluation to determine Deloge's eligibility for disability benefits, the ALJ found that Deloge's impairments were not equivalent to any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then assessed Deloge's residual functional capacity and relied on the testimony of a vocational expert to determine that he was able to perform thousands of sedentary jobs that were available in the national and regional economies, including his past work as a customer service representative. The ALJ issued a final decision in August 2005 rejecting Deloge's request for disability benefits.

In October 2005, Deloge again asked the Appeals Council to review the ALJ's decision, but the Appeals Council never received that request and therefore did not learn of Deloge's appeal until September 2010. Before the Appeals Council responded to that request, Deloge submitted to the Appeals Council a March 2008 disability determination by the VA. In 2001, the VA determined that Deloge was 20% disabled; in its 2008 determination, however, the VA reassessed Deloge's disability and found that Deloge was 100% disabled. But the Appeals Council declined to consider the VA's reassessment and declined to review the ALJ's decision.

Deloge then sought review of the ALJ's decision in federal court. A magistrate judge issued a report recommending that summary judgment be awarded to the Commissioner. In his objections to the report, Deloge argued that the ALJ's analysis of his fibromyalgia was flawed, that the ALJ improperly found Deloge to lack credibility, and that his case should be remanded for consideration

of new evidence, including the VA's March 2008 assessment. The district court rejected these arguments, adopted the magistrate judge's recommendations, and affirmed the Commissioner's decision.

Deloge now argues on appeal that a remand is warranted pursuant to 42 U.S.C. § 405(g), which ostensibly requires the ALJ to consider the VA's 2008 assessment of Deloge's disability.[2] Under § 405(g), Deloge bears the burden of establishing that a remand is warranted. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Moreover, Deloge must show that the proposed evidence is both new and material and that he had good cause for failing to introduce the evidence at the administrative proceeding. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010); *Foster*, 279 F.3d at 357–58.

The Commissioner's regulations define "evidence" as "anything [the applicant] or anyone else submits to us or that we obtain that relates to [the applicant's] claim," including "[d]ecisions by any governmental or nongovernmental agency about whether [the applicant is] disabled or blind." 20 C.F.R. § 404.1512(b), (b)(5). The VA's assessment was a decision by another governmental agency about whether Deloge is disabled, and its decision thus constitutes relevant evidence within the definition of § 405(g). It is but one piece of evidence, though, and Deloge concedes that the VA's assessment is not determinative of the outcome of his application for Social Security disability benefits. The Commissioner's regulations provide that "[a] decision by . . . any other governmental

---

[2]"There is some question whether the district court's refusal to remand is reviewed de novo or for abuse of discretion." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). We need not resolve whether the district court's decision is entitled to a more deferential standard of review because Deloge is not entitled to remand even under the more exacting *de novo* standard.

agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind." 20 C.F.R. § 404.1504. Had Deloge submitted a VA disability assessment with his initial application for Social Security disability benefits (as, indeed, he did), the ALJ could have—and perhaps even should have—considered that assessment when determining whether Deloge was eligible for benefits. The VA relies on independent and distinct criteria to assess disability, however, and its determination would not have controlled whether Deloge was eligible for Social Security disability benefits.

Irrespective of the ALJ's obligation to consider a VA disability assessment during the Commissioner's initial review of Deloge's claim, the VA's 2008 assessment of Deloge's disability is not new and material evidence. Accordingly, Deloge is not entitled to a remand of his claim on account of a subsequent VA determination that he is 100% disabled. The fact of a subsequent favorable assessment is not itself new and material evidence under § 405(g); only the medical evidence that supported the favorable assessment can establish a claimant's right to a remand. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009); *see also Lee v. Comm'r of Soc. Sec.*, No. 12-6226, 2013 WL 3388486, at *13 (6th Cir. July 9, 2013). "If a subsequent favorable decision—separated from any new substantive evidence supporting the decision—could itself be 'new evidence' under [§ 405(g)], the only way that it might change the outcome of the initial proceeding is by the power of its alternative analysis of the same evidence." *Allen*, 561 F.3d at 653.

We therefore confine our review to whether the VA relied on new and material evidence when it concluded in March 2008 that Deloge was 100% disabled. "[E]vidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*,

279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). "Such evidence is 'material' only if there is 'a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence.'" *Id.* (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)).

At the outset, we note that Deloge's brief does not discuss or cite the specific evidence on which the VA relied when it issued its 2008 determination, and he therefore has not satisfied his burden of establishing that the evidence was both new and material. *See Foster*, 279 F.3d at 357. Because the basis of the VA's 2008 assessment is provided in the administrative record, however, we will address the merits of his claim. According to an April 2008 letter from the Disabled American Veterans, the VA's determination was based primarily on physical examinations of Deloge that occurred in 2006 and 2007—after the ALJ's 2005 denial of Deloge's applications. These examinations revealed significant depression, memory problems, chronic pain, drowsiness, and fibromyalgia. The Disabled American Veterans report states that several of these conditions postdated Deloge's 2005 Social Security hearing, and Deloge's other problems were due to the steady and dramatic deterioration of his physical and mental health since his earlier physical examinations. In other words, the conditions and symptoms that prompted the VA to reassess Deloge's disability had not existed, or had existed in much milder form, when the ALJ denied Deloge's application for disability benefits.

"Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition." *Sizemore*, 865 F.2d at 712; *see also Ferguson*, 628 F.3d at 277–78; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003). "If in fact the

claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment." *Sizemore*, 865 F.2d at 712. Because the VA's 2008 assessment was based on the deterioration of Deloge's health following the ALJ's denial of his claim, Deloge has not demonstrated a reasonable probability that the evidence on which the VA relied in its 2008 assessment would have caused the Commissioner to reach a different conclusion in 2005.

Accordingly, the district court's judgment is affirmed.