**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0219n.06

Case No. 15-3907

**FILED**

Apr 21, 2016

**UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

DEBORAH S. HUNT, Clerk

THOMAS ALBERT GRALEY,                )

                                     )

    Plaintiff-Appellant,              )        ON APPEAL FROM THE UNITED

                                     )        STATES DISTRICT COURT FOR

v.                                   )        THE NORTHERN DISTRICT OF

                                     )        OHIO

COMMISSIONER OF SOCIAL SECURITY,     )

                                     )

    Defendant-Appellee.               )


BEFORE: GUY, BOGGS, and COOK, Circuit Judges.

COOK, Circuit Judge. An Administrative Law Judge (ALJ) found Thomas Albert Graley not disabled and therefore denied his application for disability-insurance benefits and supplemental security income. Unmoved by Graley's arguments that new and material evidence required remand and that the ALJ's decision lacked substantial evidence to support it, the district court upheld the ALJ's denial of benefits. We affirm.

I.

In March 2012, Graley applied for disability-insurance benefits and supplemental security income, alleging disability beginning in October 2011. Following the denial of his application initially and on reconsideration, Graley requested a hearing before an ALJ.

The ALJ applied the Social Security Administration's familiar five-step test to determine whether Graley was disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step two, the ALJ found that Graley suffered from the following severe impairments: "degenerative disc disease of the cervical spine; obstructive sleep apnea; headaches/migraines; diverticulitis; hypertension; left shoulder degenerative joint disease; anxiety disorder . . . ; major depressive disorder; and cannabis abuse." Proceeding to step four, the ALJ concluded that Graley's residual functional capacity allowed him to perform light work, *see* 20 C.F.R. §§ 404.1567(b), 416.967(b), with several limitations. In reaching this conclusion, the ALJ found "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credi[ble]." At step five, the ALJ relied on the testimony of a vocational expert to find that Graley could perform jobs that exist in significant numbers in the national economy so as to render him "not disabled."

Graley appealed and submitted additional evidence: a new 100%-disability rating issued by the Department of Veterans Affairs (VA) almost six months after the ALJ delivered her decision in this case. The Appeals Council denied Graley's request for review, making the ALJ's decision the Commissioner's final decision. *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Graley sued. Adopting a magistrate judge's report and recommendation, the district court upheld the ALJ's decision, and later denied Graley's motion to alter or amend the judgment. Graley appeals.

## II.

We review the ALJ's factual findings for substantial evidence and her legal conclusions de novo. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *see also* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla of evidence but less than a

preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*, 474 F.3d at 833 (quoting *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992)). We will not reverse merely because substantial evidence supports a different conclusion. *Id.* (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

On appeal Graley argues: (1) new and material evidence requires this court to remand the case to the ALJ, (2) the ALJ's credibility finding regarding the intensity and persistence of Graley's symptoms is not supported by substantial evidence, and (3) the ALJ asked the vocational expert an incomplete hypothetical question.

### A. The VA's New Disability Determination Warrants No Remand

Sentence Six of 42 U.S.C. § 405(g) allows a court to remand a case to the Commissioner to consider new and material evidence when good cause exists for the failure to incorporate the new evidence into the record in a prior proceeding. Graley asserts that the VA's decision finding him 100% disabled meets this standard. Because Graley fails to demonstrate a "reasonable probability that the [Commissioner] would have reached a different disposition of [his] disability claim if presented" with the VA's decision, he has not demonstrated materiality. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) (per curiam).

To begin, "[t]he fact of a subsequent favorable assessment is not itself new and material evidence under § 405(g); only the medical evidence that supported the favorable assessment can establish a claimant's right to a remand." *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 519 (6th Cir. 2013) (per curiam) (citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)). Here, the VA notice that Graley submitted to the Appeals Council conveyed the VA's

decision to increase his disability rating to 100%, but cited no medical evidence to back that decision. Graley therefore fails to demonstrate that the VA notice is material evidence.

Graley attempts to evade this conclusion by arguing that "extensive records from the VA medical centers" support the VA's 100%-disability decision. He cites only the administrative record before the ALJ in this case as support. "But remand under sentence six is not meant to address the 'correctness of the administrative determination' made on the evidence already before the initial ALJ." *Allen*, 561 F.3d at 653 (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)).

Next, Graley contends that because neither the Appeals Council nor the ALJ ever considered his new VA disability rating, his case warrants remand. Yet the Appeals Council *did* consider the VA disability rating Graley submitted and found that this information provided no basis for changing the ALJ's decision. (R. 11, Admin. R. (listing the VA decision as Exhibit 9F).)

Graley also posits that our unpublished decision in *LaRiccia v. Commissioner of Social Security*, 549 F. App'x 377 (6th Cir. 2013), compels remand. He contends that *LaRiccia* requires the ALJ to "review . . . and consider[] . . . VA disability rating[s]." True enough. But in *LaRiccia* we faulted an ALJ for failing properly to consider a VA decision available during initial consideration. 549 F. App'x at 378, 388. Here, the VA's 100%-disability decision postdates the ALJ's decision by almost six months. *LaRiccia* therefore wins Graley no remand.

*B. Substantial Evidence Supports the ALJ's Credibility Finding*

Graley challenges three aspects of the ALJ's finding that his testimony regarding the intensity and persistence of his symptoms lacked credibility. *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1) (explaining that when medical impairments from which the claimant suffers could

cause the symptoms alleged, the ALJ "evaluate[s] the intensity and persistence of [the claimant's] symptoms" to "determine how [those] symptoms limit [the claimant's] capacity for work").

First, Graley quibbles with the ALJ's statement that to find him disabled "there must first be objective medical evidence confirming the existence of a medically determinable impairment and resulting limitations," by suggesting that the ALJ's finding of severe impairments at step two contradicts this statement. But context matters. The ALJ acknowledged Graley's impairments both at step two and in determining whether those impairments could cause his symptoms. She then made the criticized statement while rejecting Graley's intensity-and-persistence testimony for want of evidentiary support. Indeed, over the next four paragraphs of her decision the ALJ elucidated why the medical evidence failed to support the severity of symptoms to which Graley testified. Graley leaves that analysis unchallenged.

Second, Graley argues that the record corroborates his complaints that it hurts him to raise his arms and that he occasionally drops things, and the ALJ wrongly concluded otherwise. But the records he cites provide no support. Some records opine on his good grip strength and his shoulders' acceptable range of motion, while others confirm his neck-and-shoulder-pain complaints but remain silent on arm-raising pain. Regardless, the ALJ found that Graley was limited to "occasional[] reach overhead with the non-dominate left upper extremity," due to Graley's degenerative disc disease. Substantial evidence supports the ALJ's finding regarding Graley's reaching ability.

Third, Graley complains that the ALJ's assessment of his daily activities misleads because she omitted facts favorable to Graley—specifically, his reduced motivation to maintain his hygiene and his inability to finish his classes during the spring of 2012. But the ALJ

accurately recited Graley's daily activities as he reported them. And his medical records reveal that he appeared clean and presentable at his appointments. The ALJ also correctly observed that Graley attended university classes, and while she perhaps should have included that Graley "didn't complete" his spring 2012 semester, we are unpersuaded that omitting this fact undermines her evaluation of Graley's daily activities in assessing the severity of his symptoms.

Though Graley challenges no other specific aspect of the ALJ's credibility assessment, our review of the record confirms that substantial evidence supports her findings regarding the intensity and persistence of Graley's symptoms.

*C. The ALJ Asked the Vocational Expert an Appropriate Hypothetical Question*

Graley asserts that the ALJ asked the vocational expert a flawed hypothetical question because that question failed to consider the VA's 100%-disability decision and relied on the ALJ's "erroneous" credibility findings regarding the intensity of his symptoms. We have already rejected these arguments. And because the ALJ's hypothetical question included the limits that she found credible, she could rely on the vocational expert's testimony to support the finding that Graley could perform jobs that exist in sufficient numbers in the economy. *See Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007).

III.

For these reasons, we affirm.