**Sarah L. CARRENO, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–2118.

United States Court of Appeals, Sixth Circuit.

May 7, 2004.

Martha M. Glaser, Bloomfield Hills, MI, for Plaintiff–Appellant.

Sara E. Zeman, Chicago, IL, for Defendant–Appellee.

Before SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

## ORDER

Sarah L. Carreno, who is represented by counsel, appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Carreno filed an application for social security disability insurance benefits on November 17, 2000. Carreno was born on July 16, 1943, and has a tenth grade education. She previously worked as an apartment manager, bartender, parts inspector, and office clerk. Carreno was allegedly disabled due to carpel tunnel syndrome, status post-rotator cuff repair, back and shoulder pain, asthma, diabetes, and peripheral neuropathy.

After a hearing, an administrative law judge (ALJ) found that Carreno could perform her previous job as a general office clerk. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Carreno then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate's judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.

The court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

Initially, it is clarified that the Commissioner's decision was reached at the fourth step of the five-step approach in determining eligibility for benefits. *See* 20 C.F.R. § 404.1520. The first three steps are not in issue, i.e., the claimant is not gainfully employed, she is severely impaired, and she does not meet or equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. At the fourth step, it is the claimant's burden to show that she is unable to perform her previous type of work. *See Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). The Commissioner's decision is supported by substantial evidence.

The sole issue before the court is whether the ALJ erred in concluding that Carreno could perform her past work as a general office clerk. Carreno contends that her previous job as an office clerk did not constitute past relevant work because the job was created especially for her, lasted only four months, and was an unsuccessful work attempt. Under *Studaway*, Carreno must establish that she is unable to perform her former type of work even if she cannot return to the actual job she held in the past. *Id.*

Contrary to her assertion, Carreno's past work as an office clerk constituted past relevant work. In order to be considered past relevant work, a job must have been performed within the last fifteen years, performed long enough to learn how to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a). Carreno's job as an office clerk satisfies these requirements. She worked as a general office clerk between December 4, 2000, and April 9, 2001. Thus, the job was performed within the past fifteen years. As an unskilled clerical position, the work required no more than thirty days to learn. 20 C.F.R. § 404.1568(a). Finally, by earning $1,003.89 in wages in December 2000 and $2,813.02 in January 2001 thru April 9,

2001, Carreno's average monthly wages exceeded the amount required by the regulations to constitute substantial gainful activity. 20 C.F.R. § 404.1574(b)(2).

Carreno also maintains that her clerical job was not past relevant work as it was an unsuccessful work attempt. To prove that she had an unsuccessful work attempt, a claimant, who worked for six months or less, must prove that her impairment forced her to stop working, or reduced her work level so that her earnings fell below substantial gainful activity. 20 C.F.R. § 404.1574(c)(1). Since Carreno's work lasted longer than three months, she would have to show that: 1) she was frequently absent from work due to her impairments; 2) her work was unsatisfactory because of her impairments; 3) she worked during a period of temporary remission of her impairments; or 4) she worked under special conditions which were essential to her performance, but which were removed. 20 C.F.R. § 404.1574(c)(4).

Carreno's testimony establishes that her office clerk job was created especially for her. She offers no evidence demonstrating that she worked under special conditions, or that she was forced to stop working as an office clerk because the special conditions were removed. Thus, Carreno has failed to meet her burden of establishing that her past work as an office clerk was performed under special conditions which were subsequently removed.

Further, the record supports the ALJ's determination that Correno is able to perform her past relevant work as an office clerk. The vocational expert testified that there were some 11,000 general clerical positions in the regional economy that could be performed by someone with Correno's limitations, namely, that she not be exposed to hazardous machinery, vibrating tools, temperature extremes or unprotected heights, and that she avoid frequent overhead reaching with her left arm and

gross manipulation of objects with either hand. Accordingly, the Commissioner's decision that Carreno's previous job as a general office clerk constitutes substantial gainful employment and that Carreno could perform that previous position is supported by substantial evidence.

Finally, it is noted that Carreno mentions that if she is unable to perform her past relevant work, the medical-vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, would direct a finding of disabled. However, as Carreno did not establish that she was unable to perform her past relevant work, the assessment of Carreno's disability application ceased. The Commissioner was not required to go to the fifth step of the evaluation process. *See* 20 C.F.R. § 404.1520. The medical-vocational guidelines are not relevant.

Accordingly, we affirm the district court's judgment.