**Norman H. REDFIELD, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. 03–10324–BC.**

United States District Court, E.D. Michigan, Northern Division.

April 5, 2005.

Kenneth F. Laritz, Clinton Township, MI, for Plaintiff.

James A. Ausa Brunson, U.S. Attorney's Office, Bay City, MI, Vanessa Miree Mays, United States Attorney's Office, Detroit, MI, for Defendant.

***OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO AFFIRM THE DECISION OF THE COMMISSIONER***

LAWSON, District Judge.

The plaintiff filed the present action on October 21, 2003 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The action originally was assigned to the Honorable George E. Woods, but was reassigned to

the undersigned upon Judge Woods' retirement. Immediately after filing, the case was referred to United States Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits. The defendant filed a motion for summary judgment requesting affirmance of the Commissioner's decision. Magistrate Judge Morgan filed a report and recommendation on August 2, 2004 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, and the case be remanded for an award of benefits. The defendant filed timely objections to the recommendation, to which the plaintiff responded, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the Commissioner's objections, and the plaintiff's response, and has made a *de novo* review of the administrative record in light of the parties' submissions. The defendant's objections challenge the magistrate judge's conclusion that substantial evidence does not support the decision of the Administrative Law Judge (ALJ) that the plaintiff is not disabled. The defendant contends that the magistrate judge overstepped her authority and engaged in independent fact finding on two issues specifically reserved to the ALJ: the plaintiff's credibility and the vocational expert's reliability. The defendant also argues that even if substantial evidence did not support the ALJ's decision, the appropriate remedy is to remand the case for additional proceedings, not for an award of benefits.

The plaintiff, presently fifty-five years old, applied for a period of disability and disability insurance benefits on October 8, 1999 when he was fifty years old. He had worked for nearly twenty years as a road construction laborer, a sanitation worker, and a truck driver. This work was classified as unskilled and heavy or very heavy. In February 1998, the plaintiff discovered a lump on the right side of his neck, which proved to be metastatic cancer of the lymph nodes requiring radical surgery and radiation treatment. The primary site of the cancer was never determined, but following treatment the plaintiff remains in full remission, according to the medical records. He attempted to return to work at his same job from June through October 1998, but he was unable to continue because of fatigue and pain in his neck and right shoulder. The records confirm that movement of his right arm is restricted. The parties agree that the plaintiff's efforts at gainful activity later in 1998 constituted an unsuccessful work attempt, and his last day of work was February 17, 1998.

In his application for benefits, the plaintiff alleged that he was unable to work due to lymph node cancer, aortioilac occlusive disease, depression, and borderline intellectual functioning. The application was denied, and the plaintiff appeared for an administrative hearing before ALJ Cynthia Bretthauer on September 26, 2001, who determined that the plaintiff was not disabled in a decision dated October 24, 2001. On February 22, 2002, the Appeals Council remanded the case for further proceedings.

On May 13, 2003, the plaintiff, then fifty-four years old, appeared before ALJ John A. Ransom pursuant to the Appeals Council's ordered remand. ALJ Ransom filed a decision on June 19, 2003 in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had

not engaged in substantial gainful activity since February 17, 1998, the alleged disability onset date (step one); the plaintiff suffered from impairments consisting of lymph node cancer (known as Berger's disease), aortoiliac occlusive disease, depression, and borderline intellectual functioning, all of which were "severe" within the meaning of the Social Security Act (step two); and none of these impairments alone or in combination met or equaled a Listing in the regulations (step three). The ALJ then determined that the plaintiff retained the capacity to lift ten pounds with both arms frequently and twenty pounds with his left arm occasionally; sit, stand, and walk up to six hours of an eight-hour day; and perform simple, repetitive tasks. He was restricted from using his right arm for repetitive pushing, pulling, or reaching above shoulder level and operating vibrating tools, and he could not work in hazardous environments. Because of these limitations, the ALJ concluded that the plaintiff was unable to perform any of his past relevant work (step four).

In applying the fifth step, the ALJ heard testimony from a vocational expert witness, who was first asked to fully credit the plaintiff's testimony concerning his exertional limitations and his assertion that he suffered daily fatigue that required him to rest in his recliner for six hours per day. The vocational expert opined that there were no jobs that the plaintiff could perform. The ALJ then gave an alternate hypothetical question incorporating the residual functional capacity noted above, to which the witness added limitations consistent with the plaintiff's intellectual functioning, namely reading at a third-grade level and math skills at a fifth-grade level. The vocational expert opined that the jobs of stock clerk, sorter, hand packer, and a parking attendant fit within the limitations, although she noted that "all of the jobs require some bilateral use of the upper extremities ... if nothing else, for an assist where it needs to aid in the movement of the objects or carrying objects." Tr. at 395. Relying on this testimony, the ALJ found that there was a significant number of jobs in the national economy that the plaintiff could perform. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sections 202.11 and 202.18 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's second request for review on September 7, 2004.

The plaintiff alleged in his motion for summary judgment that ALJ's determination of residual functional capacity was not supported by substantial evidence because it was error to fail to fully credit the plaintiff's testimony, the opinion of his treating doctor was not given proper weight, the restrictions of right shoulder movement supported a finding that he at most could perform sedentary work (thus triggering Grid Rule 201.10, which would direct a determination of "disabled"), his condition equaled Listing 12.05C, the hypothetical question posed to the vocational expert did not include all of the plaintiff's non-exertional limitations, and the ALJ failed to comply with the Appeals Council's order of administrative remand. The magistrate judge did not address each of these arguments, but she did conclude that the ALJ should have accepted the plaintiff's testimony regarding his limitations as fully credible and supported by the record and thus found him to be disabled. First, the magistrate judge placed special weight on the plaintiff's low intelligence quotient (IQ) scores, suggesting in essence that the plaintiff was not smart enough to exaggerate his limitations. The

defendant takes issue with that premise. Second, the magistrate judge disagreed with the finding of the vocational expert at the plaintiff's first administrative hearing that he could work as a library assistant despite his limited intelligence. The defendant maintains, however, that the ALJ did not find that the plaintiff could work as a library assistant; instead, he relied solely on the testimony of the vocational expert at the second hearing in which the expert discussed at length the educational requirements of each of the jobs she identified. Third, the magistrate judge observed that all of the jobs identified by the vocational expert required the use of both arms, which she found was beyond the plaintiff's capability. The defendant criticizes this conclusion as fact-finding, which is prohibited at this level of review. Based on this conclusion, the magistrate judge found that the ALJ's hypothetical question was defective because it omitted certain physical limitations.

■ To determine disability, the Commissioner has prescribed the five-step sequential process noted above and set forth in 20 C.F.R. § 404.1520. If the plaintiff has satisfied his burden through the first four steps in the analytical process, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity. *Varley v. Sec'y of Health & Human Services,* 820 F.2d 777, 779 (6th Cir.1987); *see also Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980). "To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley,* 820 F.2d at 779 (internal quotes and citations omitted). The magistrate judge suggested that the defendant did not meet her step-five burden.

■ However, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *see also Lashley v. Sec'y of Health & Human Services,* 708 F.2d 1048, 1053 (6th Cir.1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.,* 348 F.3d 124, 125 (6th Cir.2003); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir.1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Services,* 893 F.2d 106, 108 (6th Cir.1989). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) (en banc) (internal quotes and citations omitted). Thus, the Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984). The magistrate judge failed to adhere to these tenets.

The administrative record discloses that the plaintiff suffers from substantial impairments, but it also contains evidence that he can perform a limited range of light work. According to 20 C.F.R. § 404.1567(b), "light work"

involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The plaintiff's radical lymph node excision surgery left him with limited range of motion in his right arm and shoulder. However, the March 4, 2000 report of Dr. Edwin Westfall stated that "[t]here was no significant weakness of the arm and hand grip was normal." Tr. at 240. The report also includes a note that the plaintiff experiences severe pain when raising his arm. *Ibid.* But the plaintiff testified that he could raise his right arm to a certain level, and his left arm "works perfect for [him]." Tr. at 357. He acknowledged that he could lift ten (Tr. at 383) to fifteen (Tr. at 357) pounds with his right arm and thirty to forty pounds with his left arm. Tr. at 357. He said that he could stand for approximately two hours and sit for five hours before he had to reposition himself. Tr. at 383. He apparently used two arms to ride his motorcycle for a short distance every couple weeks as well.

In April 1999, Dr. Richard K. Louden, the plaintiff's ear, nose and throat specialist, stated: "I think he can do some work, and I think it would be good for him to so some work; but I do not think that he will be able to go back to the same kind of work that he was doing before." Tr. at 174. The agency physician likewise opined that the plaintiff could perform at a functional level consistent with the demands of light work. Tr. at 243–50.

The plaintiff testified that pain limits his ability to use his right arm and fatigue interferes with his daily activities. Although subjective complaints of pain may be sufficient to support a claim of disability, *see Glass v. Sec'y of Health, Ed. & Welfare,* 517 F.2d 224, 225 (6th Cir.1975), Congress has also stated that "there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain." 42 U.S.C. § 423(d)(5)(A). The Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health & Human Services,* 801 F.2d 847, 853 (6th Cir.1986); *see also* 20 C.F.R. § 404.1529(b) (1995).

■■ The record certainly documents objective medical findings that could cause severe pain. The ALJ concluded, however, that the plaintiff overstated his disability due to pain and fatigue and therefore he discounted his testimony. In evaluating a claimant's complaints of pain, the ALJ quite properly may consider the claimant's

credibility. *See Walters*, 127 F.3d at 531; *Kirk v. Sec'y of Health & Human Services*, 667 F.2d 524, 538 (6th Cir.1981). In assessing the credibility of a witness, personal observations are important. In fact, it is one of the reasons underlying the preference for live testimony. *See 2 McCormick on Evidence* § 245, at 94 (4th ed.1992); *cf. Ohio v. Roberts*, 448 U.S. 56, 63–64, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Thus, an ALJ, who has observed a witness' demeanor while testifying, should be afforded deference when his credibility findings are assessed. *See Jones v. Comm'r of Social Sec.*, 336 F.3d 469, 475–76 (6th Cir. 2003); *Villarreal v. Sec'y of Health & Human Services*, 818 F.2d 461, 463 (6th Cir. 1987). Given the plaintiff's other testimony describing his capabilities and the conclusions of examining physicians, the Court cannot say that the ALJ's determination is not supported by substantial evidence. The magistrate judge's suggestion that the plaintiff did not have the mental capacity to prevaricate is rejected out of hand.

■■■ The plaintiff also points to a report from Dr. Douglas Campbell, a treating internist, in which Dr. Campbell stated in the "social history" section that the "Patient is currently disabled, married and lives with his wife in E. Tawas." Tr. at 205. He claims that these words amount to an opinion that the plaintiff is disabled from all work, and that the treating physician's pronouncement should be given controlling weight. A Rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the

medical evidence that cannot be obtained from the objective medical findings alone or reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Services*, 945 F.2d 1365, 1370 n. 7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Services*, 773 F.2d 85, 90 (6th Cir.1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Services*, 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir.1984). Moreover, if the ALJ rejects a treating physician's opinion as to the restrictions on a claimant's ability to work, he must give good reasons for not giving weight to the opinion. *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir.2004). However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004) (citing *Jones*, 336 F.3d at 477). Where a treating physician renders an opinion using legal language as opposed to medical terminology, the Court likewise may reject it if it is not supported by clinical evidence in the record. *See Casey v. Sec'y of Health & Human Services*, 987 F.2d 1230, 1234–35 (6th Cir.1993).

■■■ The statement of Dr. Campbell is not an unequivocal opinion that the plaintiff cannot work at any job; rather it fairly

should be considered as an observation that the plaintiff was not then working because of disability. There are no clinical findings by Dr. Campbell consistent with an inability to perform light work. The ALJ specifically stated that he gave "reduced weight" to this opinion because it was "not accompanied by objective medical findings." Tr. at 33. The record supports this determination, and the Court finds no violation of 20 C.F.R. § 404.1527(d)(2).

 The plaintiff also contends that the hypothetical question that the ALJ posed to the vocational expert did not include all of the plaintiff's limitations because it incorporated the ability to perform light work and use both hands and did not accommodate the plaintiff's depression. The limitations included in the question were not consistent with the plaintiff's own testimony, but the ALJ determined that this testimony was not fully credible. He accounted for the plaintiff's low IQ with an accommodation for only simple, repetitive tasks. Unlike the circumstance in *Walker v. Barnhart*, 258 F.Supp.2d 693, 701 (E.D.Mich.2003), in which a hypothetical question did not account for a depressive disorder, here Dr. George Pestrue, an examining psychologist, determined that the plaintiff had no impairment with respect to understanding, remembering and carrying out short, simple instructions, and only slight impairment in judgment concerning simple, work-related decisions. Tr. at 334. The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey*, 987 F.2d at 1235. "[A]n ALJ is not required to accept a claimant's

subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones*, 336 F.3d at 476.

The Court has considered the plaintiff's other arguments and finds them to be without merit. The question whether the ALJ complied with the Appeals Council's remand order at the second administrative hearing is a matter to be resolved at the agency level. If the Appeals Council believed that the ALJ's decision was wanting in that regard, it could have taken remedial action on the second request for review. The plaintiff concedes that he did not meet the requirements of Listing 12.05C. In this Circuit, in order to qualify as "disabled" under a Listing in the Secretary's regulations, a claimant must demonstrate that he or she meets *all* of the criteria contained in the Listing. *See Duncan*, 801 F.2d at 855. Alternatively, "[a] claimant can demonstrate that she is disabled because her impairments are equivalent to a listed impairment by presenting 'medical findings equal in severity to all the criteria for the one most similar listed impairment.'" *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990)). "This decision must be based solely on medical evidence supported by acceptable clinical and diagnostic techniques." *Land v. Sec. of Health and Human Services*, 814 F.2d 241, 245 (6th Cir. 1986) (citing 20 C.F.R. § 404.1526(b)). The record does not support a finding of equivalency.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge improperly reviewed the

administrative record and engaged in impermissible fact finding in reaching her conclusion. The Court finds that substantial evidence supports the ALJ's determination that the plaintiff is capable of performing gainful activity.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. # 11] is **REJECTED.**

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 9] is **DENIED.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 19] is **GRANTED.** The findings of the Commissioner are **AFFIRMED,** and the complaint is **DISMISSED** with prejudice.