NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0113n.06
Filed: February 9, 2007

No. 06-1236

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


GARY D. GRIFFETH,                          )
                                           )
        Plaintiff-Appellant,               )        ON APPEAL FROM THE
                                           )        UNITED STATES DISTRICT
v.                                         )        COURT FOR THE EASTERN
                                           )         DISTRICT OF MICHIGAN
COMMISSIONER OF SOCIAL                     )
SECURITY,                                  )
                                           )
        Defendant-Appellee.                )


BEFORE: MOORE and CLAY, Circuit Judges; BELL, District Judge.[*]

BELL, District Judge.  Plaintiff Gary D. Griffeth appeals the district court order

affirming the Commissioner of Social Security's denial of disability benefits. For the reasons

set forth in this opinion we AFFIRM.

I.

Gary D. Griffeth was born on April 20, 1947.  He has a high school diploma and

worked from 1965 through 2001 as a carpenter, highway contractor, highway foreman,

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the
Western District of Michigan, sitting by designation.

building code enforcement officer and scheduler. Griffeth was laid off from his employment on September 26, 2001, for reasons unrelated to his alleged disability, and he has not worked since that date.

Griffeth applied for Social Security Disability Insurance Benefits on July 2, 2002, alleging disability due to limitations caused by his colostomy, shoulder pain, back pain, knee pain, difficulty sleeping, depression, and problems with memory and concentration. An Administrative Law Judge ("ALJ") determined that Griffeth's degenerative disc disease and depression were "severe" impairments. The ALJ determined, however, that these impairments would have little effect on Griffeth's ability to perform basic work-related activities. The ALJ denied disability benefits based upon his determination that Griffeth retained the residual functional capacity to perform his past relevant work as a scheduler and code enforcement officer. The Appeals Council denied his request for review. Griffeth filed for judicial review. The district court granted the Commissioner's motion for summary judgment and affirmed the final order denying benefits. This timely appeal followed.

**II.**

Judicial review of a final decision of the Commissioner of Social Security is limited to determining whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support his findings. *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner's findings of fact, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

All three issues Griffeth has raised on appeal[1] stem from the ALJ's finding that his depression was a "severe" impairment. Griffeth contends that given that finding, there was not substantial evidence to support treating the impairment as non-severe; it was inconsistent to find that Griffeth had only mild limitations in the degree of functional loss; and it was improper to omit the "severe" impairment from the hypothetical given to the vocational expert.

The Commissioner uses a five step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). At the second step of the sequential evaluation process, the Commissioner must determine whether the claimant has a severe impairment. § 404.1520(a)(4)(ii). The regulations define a "severe" impairment as one which "significantly limits" the claimant's physical or mental ability to do basic work activities." § 404.1520(c).

At step two of the sequential evaluation process the ALJ found that Griffeth's depression caused some limitations on Griffeth's ability to perform some basic work-related activities, and therefore concluded that it was a "severe" impairment within the meaning of the regulations. The ALJ determined, however, that Griffeth's testimony regarding the extent of his limitations was not credible. The ALJ concluded that Griffeth's depression resulted in only mild limitations on his ability to perform activities of daily living and to maintain

---

[1]Although Griffeth originally raised four issues on appeal, at oral argument he withdrew his third issue regarding use of the grid.

attention and concentration for extended periods, and that it had little effect on his ability to perform basic work activities. The ALJ determined that Griffeth retained the residual functional capacity ("RFC") to perform his past relevant work as a scheduler and code enforcement officer. If at step four of the sequential evaluation process the ALJ finds that an individual's RFC allows him to perform work he has done in the past, a finding of not disabled will be made. 20 C.F.R. § 404.1520(f). The ALJ accordingly denied disability benefits at step four of the sequential evaluation process.

Griffeth's first contention is that the ALJ's analysis was not supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir.1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "If substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Longworth*, 402 F.3d at 595 (citing *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

Although the record contains evidence that Griffeth suffers from depression, Griffeth's family doctor, Dr. Oliver, indicated that his depressive symptoms were under reasonable control as long as he stayed on his medication. Griffeth's therapist, Jerry Walden,

indicated that Griffeth's emotional well being and ability to concentrate improved when he was able to get adequate rest and did not push himself physically. Dr. Krause, the state agency psychiatrist, found that Griffeth had only mild functional limitations in daily living activities and maintaining concentration, and that he had no difficulties in maintaining social functioning and no episodes of decompensation of extended duration.

The record also contains evidence that Griffeth was able to engage in a wide variety of daily activities including cooking, visiting friends, fishing, helping friends with projects, working in his wood-working shop, doing minor maintenance on his apartment building, mowing his lawn, attending church, and riding his motorcycle. He has also taken trips out of state and overseas.

Griffeth does not challenge the accuracy of the evidence on which the ALJ relied. He does not suggest that the record established greater limitations than those found by the ALJ nor does he suggest that his past jobs required duties incompatible with the limitations found by the ALJ. He merely contends that the evidence is not sufficient to support the ALJ's conclusion. We disagree. Reasonable minds could accept the medical evidence and Griffeth's own testimony concerning his daily activities as adequate to support the conclusion that his depression has little effect on his ability to perform basic work-related activities. Accordingly, the ALJ's determination is supported by substantial evidence.

Griffeth's second contention is that the ALJ's analysis was internally inconsistent because he classified Griffeth's impairment as "severe" but treated it as "non-severe." At

step two of the sequential evaluation process the ALJ determined that because Griffeth's depression was a medically determinable impairment that caused "some" limitations of his ability to perform "some" basic work-related activities, it was a "severe" impairment. Later in his analysis he determined that Griffeth's depression had only a minimal effect on his ability to concentrate.

The regulations define a "severe" impairment as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Griffeth contends that the ALJ's finding of "some" rather than "significant" limitations was improper and led to an inappropriate finding of non-disability at step four.

The ALJ did not misinterpret the severity regulation. At step two "significant" is liberally construed in favor of the claimant. The regulations provide that if the claimant's degree of limitation is none or mild, the Commissioner will generally conclude the impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 CFR § 404.1520a(d). The purpose of the second step of the sequential analysis is to enable the Commissioner to screen out "totally groundless claims." *Farris v. Sec'y of HHS*, 773 F.2d 85, 89 (6th Cir. 1985). We have construed the step two severity regulation as a "*de minimis* hurdle" in the disability determination process. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). Under a Social Security policy ruling, if an impairment has "more than a minimal effect" on the claimant's

ability to do basic work activities, the ALJ is required to treat it as "severe." SSR 96-3p (July 2, 1996).

The ALJ's determination that Griffeth's depression caused "some" limitation of his ability to do work activity is consistent with a finding that Griffeth's depression caused more than a minimal limitation in his ability to do basic work activities. The ALJ's finding that the limitation was more than minimal, however, was not inherently inconsistent with his finding that the limitation has "little effect" on the claimant's ability to perform basic work-related activities. Because the ALJ gave Griffeth the benefit of the doubt at step two of the sequential analysis, the ALJ went on to consider not only Griffeth's "severe" impairments, but all of Griffeth's other impairments as well, and made his determination based upon the effects of the combination of impairments on Griffeth's ability to perform basic work-related activities. *See* 20 C.F.R. § 404.1545(e) ("When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in Appendix 1 of this subpart, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."). This expanded review worked to Griffeth's benefit, not to his detriment.

Furthermore, even if the ALJ erroneously found Griffeth's depression to be "severe," such an erroneous finding was, at most, harmless error, because we have already found substantial evidence to support the finding of "not disabled" at step four. We are not required to remand where to do so would be an idle and useless formality. *Wilson v. Comm'r*

*of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (quoting *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969)).

Griffeth's final assignment of error is that the hypothetical given to the ALJ was flawed because it contained no limitations related to his "severe" impairment of depression. According to Griffeth, because the hypothetical was flawed, the vocational expert's opinion did not constitute substantial evidence to support the ALJ's conclusion at step four of the sequential analysis that Griffeth was able to perform his past relevant work.

"Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'" *Varley v. Sec'y HHS*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)). In *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002), we found that the exclusion of the claimant's major depressive disorder from the hypothetical did not accurately describe the claimant's impairments, and accordingly held that the vocational expert's testimony in reliance on the hypothetical was not substantial evidence for the ALJ's conclusion that the claimant could perform "other work." 276 F.3d at 241.

The regulations permit an ALJ to use the services of a vocational expert at step four to determine whether a claimant can do his past relevant work, given his RFC. 20 C.F.R. § 404.1560(b)(2). RFC is an assessment of the most a claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1). The RFC describes "the claimant's residual abilities

or what a claimant can do, not what maladies a claimant suffers from – though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard*, 276 F.3d at 240. "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, No. 00-10446-BC, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004). *Howard* does not stand for the proposition that all impairments deemed "severe" in step two must be included in the hypothetical. The regulations recognize that individuals who have the same severe impairment may have different RFCs depending on their other impairments, pain, and other symptoms. 20 C.F.R. § 404.1545(e).

"The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts." *Redfield v. Comm'r of Soc. Sec.*, 366 F. Supp. 2d 489, 497 (E.D. Mich. 2005). In fashioning a hypothetical question to be posed to a vocational expert, the ALJ is required to incorporate only those limitations that he accepts as credible. *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993). An ALJ is not required to accept a claimant's subjective complaints, and "can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

In this case the ALJ found that Griffeth's assertion that he was unable to work due to depression was not supported by the record as a whole and was not credible. The

hypothetical the ALJ posed to the vocation expert was consistent with the ALJ's factual determination that Griffeth was able to engage in light work and that his depression had little effect on his ability to perform basic work-related activities. The vocational expert testified that such a person could perform Griffeth's past relevant work as a code enforcement officer and scheduler. The vocational expert's testimony constituted substantial evidence to support the ALJ's determination that Griffeth was able to perform his past relevant work and was not disabled.

### III.

For the reasons stated, we **AFFIRM** the district court's decision upholding the Commissioner's final order denying disability benefits.