*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0049p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

ANGELA WRIGHT-HINES,

        *Plaintiff-Appellant,*

    *v.*

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee.*

No. 08-5830

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 07-02422—Jon Phipps McCalla, Chief District Judge.

Submitted: January 13, 2010

Decided and Filed: February 23, 2010

Before: MARTIN and WHITE, Circuit Judges; ZOUHARY, District Judge.[*]

———————————

## COUNSEL

**ON BRIEF:** Janice E. Barnes-Williams, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Kansas City, Missouri, for Appellee. Angela Wright-Hines, Memphis, Tennessee, pro se.

ZOUHARY, D. J., delivered the opinion of the court, in which MARTIN, J., joined. WHITE, J. (pp. 7-9), delivered a separate opinion concurring in part and dissenting in part.

———————————

## OPINION

———————————

ZOUHARY, District Judge. *Pro se* appellant Angela Wright-Hines appeals from the Commissioner of Social Security's denial of her claims for supplemental security

_____

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

income (SSI) and disability insurance benefits (DIB). The ALJ found Wright-Hines was not disabled because her residual functional capacity allowed her to perform past relevant work as a cashier. The district court adopted the magistrate judge's Report and Recommendation (R&R) and upheld the decision of the ALJ.

Liberally construed, Wright-Hines' appeal raises four arguments: (1) the Vocational Expert (VE) relied on by the ALJ had prior contact with Wright-Hines, and the VE's testimony was therefore improper; (2) the ALJ's hypothetical question to the VE failed to include all of Wright-Hines' physical limitations; (3) there was no evidence that Wright-Hines had performed past work as a cashier for more than three months; and (4) the district court erred in denying Wright-Hines' motion for default judgment. We affirm.

## BACKGROUND

In April and May 2004, Wright-Hines applied for SSI and DIB, alleging she became disabled on December 31, 2002. Her claims were denied, and she appeared at a hearing before an ALJ on May 3, 2006. She was represented by counsel at the hearing. The ALJ issued an opinion upholding the denial of benefits on November 14, 2006.

The ALJ used the familiar five-step disability analysis provided by the social security regulations. At step one, the ALJ determined that Wright-Hines had not engaged in substantial gainful activity since December 31, 2002. At step two, the ALJ found that Wright-Hines suffered from the following "severe impairments": herniated nucleus pulposus, chronic pain syndrome, bilateral carpal tunnel syndrome, paranoid schizophrenia, depressive disorder, and cocaine abuse. At step three, the ALJ found that Wright-Hines did not have an impairment or combination of impairments that met listed regulatory criteria.

The ALJ then defined Wright-Hines' residual functional capacity (RFC):

[Wright-Hines] has the residual functional capacity to lift 50 pounds occasionally and 25 pounds frequently as well as stand, walk, or sit for six hours in an eight-hour workday. She also has nonexertional postural limitations that restrict her to occasional climbing, balancing, stooping,

kneeling, crouching, and crawling. Additionally, she has nonexertional mental limitations that restrict her to understanding, remembering, and carrying out simple and low-level detailed job instructions.

(ROA 21).

At step four, the ALJ determined that Wright-Hines' RFC allowed her to perform past relevant work as a cashier. The ALJ noted that "[w]ork as a cashier requires sustained unskilled work activity at the light exertional level." The ALJ also noted that "[t]his conclusion is consistent with the longitudinal record, including the assessment from Rebecca Allen, a State agency vocational expert." The state VE's assessment was part of the written record, and it listed "cashier" as a "past relevant occupation." However, Wright-Hines did not testify about her previous work as a cashier during the hearing before the ALJ, nor was she asked about her cashier position. Nevertheless, based on the conclusion that Wright-Hines was capable of working as a cashier, the ALJ found that Wright-Hines was not disabled. The ALJ did not reach step five of the analysis.

## STANDARD OF REVIEW

Our review is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). We must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.* at 406.

## DISCUSSION

### VE's Prior Contact With Claimant

Wright-Hines argues the ALJ erred in relying on the testimony of a state VE who had prior contact with Wright-Hines. The premise of this argument is mistaken, as the ALJ never presented a hypothetical question to the VE or heard any other testimony from the VE. Rather, the ALJ noted that a written report from the VE was consistent

with his conclusion that Wright-Hines was capable of performing past relevant work as a cashier. Moreover, the ALJ was not required to solicit testimony from a VE in reaching his conclusion. *See* 20 C.F.R. § 404.1560(b)(2) ("We *may* use the services of vocational experts . . . to help us determine whether you can do your past relevant work[.]") (emphasis added); *see also Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) ("The regulations *permit* an ALJ to use the services of a vocational expert at step four to determine whether a claimant can do his past relevant work, given his RFC.") (emphasis added). Thus, Wright-Hines' argument is unavailing.

**Hypothetical Question to VE**

Wright-Hines next argues the ALJ's hypothetical question to the VE did not include all of her relevant limitations. Specifically, she argues the hypothetical failed to mention her carpal tunnel syndrome. Again, the premise of this argument is mistaken, because the ALJ never posed a hypothetical question to the VE, nor was he required to do so.

**Past Relevant Work as Cashier**

Wright-Hines claims her work as a cashier lasted only two to three months, which is too short to qualify as past relevant work. Wright-Hines does not cite any supporting legal authority, but she may be relying on the "unsuccessful work attempt" provision of the regulations, which provides that some jobs of short duration will not be considered past relevant work. 20 C.F.R. § 404.1574(c); *see also Carreno v. Comm'r of Soc. Sec.*, 99 F. App'x 594, 596 (6th Cir. 2004) (applying the "unsuccessful work attempt" regulation). Generally, "past relevant work" is defined as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). "Substantial gainful activity" is in turn defined as work that involves "significant physical or mental activities" done for "pay or profit." 20 C.F.R. § 404.1572(a)-(b).

We conclude the ALJ's determination that Wright-Hines had past relevant work as a cashier was supported by substantial evidence. Two independent sources in the

written record support such a finding: the Social Security Administration's Explanation of Decision, which states "You performed the job of cashier for 3 month(s). Based on your description of this job, we concluded that you are able to perform it" (AR 32); and a Vocational Assessment from the Tennessee Department of Human Services, which lists "cashier" as a "past relevant occupation" (AR 50). In addition, a medical consultation report notes that Wright-Hines had worked as a cashier, though it does not indicate the length of her employment (AR 108).

Those sources were part of the record *prior* to the hearing before the ALJ; one of those sources was the Social Security Administration's explanation of the very decision Wright-Hines asked the ALJ to review. Thus, Wright-Hines (who was represented by counsel at the ALJ hearing) should have been fully aware of the record's indication of her past relevant work as a cashier, and it was her burden to rebut that conclusion in order to prevail before the ALJ. Yet she never introduced any evidence that her work as a cashier lasted less than three months. Indeed, the first time she mentioned this point was in her Objection below to the Magistrate's R&R, and then only in passing.[1] The ALJ therefore was presented with uncontradicted evidence that Wright-Hines had past relevant work as a cashier.

We agree with the dissent that the ALJ has an inquisitorial duty to seek clarification on material facts, and that the ALJ would have been well-advised to confirm Wright-Hines' past work as a cashier at the hearing. But we cannot excuse Wright-Hines' failure to provide us with the factual record we need to find in her favor. To do so would be to treat Wright-Hines differently than other Social Security claimants for no other reason than that she proceeded *pro se* in the district court and on appeal. However, the focus of our inquiry is what occurred in the administrative proceedings, when she *was* represented by counsel. On this record, we cannot say that the ALJ

---

[1]This issue was not addressed in the magistrate's R&R because Wright-Hines did not raise it in her initial briefs during the district court proceedings. Wright-Hines did briefly note this argument in her objections to the R&R, but it was not clearly presented as a separate issue, and the district court did not address it in its decision adopting the R&R. Nevertheless, keeping in mind the liberal standard accorded to *pro se* pleadings, we will address her contention here.

utilized an incorrect legal standard or that substantial evidence did not support the ALJ's conclusions.

**Default Judgment**

Wright-Hines also argues the district court erred in denying her motion for default judgment under Federal Civil Rule 55. This argument is likewise without merit. Wright-Hines' request for default judgment was based on the extra time requested by the Commissioner to file a response brief during the district court proceedings. The district court concluded there was no basis for entering a default judgment because the Commissioner had timely filed all necessary pleadings. The record supports the district court's conclusion: *both* parties requested and were granted additional time for briefing, and the Commissioner filed his brief within the extended deadline.

CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court.

---

## CONCURRING IN PART, DISSENTING IN PART

---

HELENE N. WHITE, Circuit Judge, concurring and dissenting. I join the majority's discussion and disposition of Wright-Hines' first, second and fourth claims. I would, however, remand to the ALJ to fully develop the record with regard to Wright-Hines' past relevant work.

Social security proceedings, unlike judicial ones, are inquisitorial, not adversarial. *See, e.g.*, *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (plurality). Consequently, the ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Id.* at 111 (citing *Richardson v. Perales*, 402 U.S. 389, 400-401 (1971)). This court has also long recognized an ALJ's obligation to fully develop the record. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (noting that an ALJ has "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing. . . .") (citing *Richardson*, 402 U.S. at 411).[1]

In the instant case, the ALJ denied Wright-Hines benefits on the basis that she could perform past relevant work as a cashier, which required a determination that her past work as a cashier was substantial gainful activity. 20 C.F.R. § 404.1520(e); SSR 82-62. However, the administrative record contains minimal evidence that she had been a cashier, and no evidence that her work as a cashier met the regulatory criteria to be considered substantial gainful activity. While the majority is correct that a claimant has the burden of demonstrating an inability to perform past relevant work, logically there

---

[1] In *Lashley*, the claimant was unrepresented at the hearing before the ALJ. This court held that the obligation to fully develop the record rose to "a special duty" in such cases. 708 F.2d at 1051-52. In the present case, Wright-Hines, who is presently litigating *pro se*, was represented by an attorney before the ALJ. While there is thus no "special duty" on the part of the ALJ, its decision must still be supported by substantial evidence in the record. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

must first be substantial evidence that a claimant has past relevant experience in the particular employment category.**2**

At her hearing, Wright-Hines testified at length about past work experience in various clerical and janitorial jobs. She did not mention any work experience as a cashier. AR 294-297. Nor was a cashier position listed on her Work History Report. AR 67. Indeed, the three passing references in the record to Wright-Hines' experience as a cashier are all third-hand. The ALJ asked no questions about Wright-Hines' past work as a cashier. Notwithstanding the cursory nature of the references to cashier work in the record and Wright-Hines' failure to testify at all regarding any cashier work, the ALJ based his denial of benefits on Wright-Hines' ability to perform this work.

This conclusion is particularly troubling because there is a presumption against finding that a claimant engaged in substantial gainful activity if the claimant's average monthly earnings from the work falls below a specified amount.**3** 20 C.F.R. § 404.1574(b)(2). *See also Carreno v. Comm'r of Soc. Sec.*, 99 F. App'x 594, 596 (6th Cir. 2004) (unpublished). The few references in the record to Wright-Hines' work as a cashier are silent as to how much she may have earned in that position.**4** In addition, employment of three months or less is considered an unsuccessful work attempt, and thus not substantial gainful activity, if the claimant "stopped working, or [] reduced [his or her] work and earnings below the substantial gainful activity earnings level because of [an] impairment . . ." 20 C.F.R. § 404.1574(c)(3). Because the record mentioning

---

[2] Indeed, the fact that Wright-Hines never claimed to have experience as a cashier makes this case unusual. This court routinely affirms the Commissioner where the relevant inquiry is whether there was a fully developed record with regard to the ability to perform past work. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008)(unpublished). However, here, Wright-Hines did not claim experience as a cashier and the ALJ did not question her to ascertain whether she had such experience before relying on what amounts to passing references in the record to support a decision to deny benefits.

[3] The amount of earnings that will trigger a presumption is adjusted on a yearly basis to account for national average wage growth. As there is no indication in the record as to when Wright-Hines worked as a cashier, the relevant amount for this case is unclear. In December 2000, that amount was $700.

[4] In her reply brief, Wright-Hines implies that the cashier position relates to her work at Fred's Dollar Store. On her Work History Report, Wright-Hines indicated that she worked as a "clerk" for four days a week, six hours a day earning $6.00 per hour (the form is marked $6.00 per week, however that appears to be a mistake). AR 67. The amount of her earnings would therefore not qualify as substantial gainful activity.

cashier work also refers to work of a three-month duration, the ALJ should have inquired into whether the employment was sufficient to qualify as substantial gainful activity. Given the investigatory nature of Social Security proceedings and the ALJ's duty to develop the record, an inquiry into Wright-Hines' prior work history as a cashier should have been made. The ALJ's failure to do so coupled with the lack of substantial evidence to support the conclusion that Wright-Hines performed past relevant work as a cashier warrants a remand.

Finally, I respectfully disagree with the majority's conclusion that Wright-Hines' counsel's failure to address her work experience as a cashier relieved the ALJ of all responsibility to inquire into the matter. Although the initial Explanation of Determination denied benefits on the basis that Wright-Hines had been a cashier and was still able to perform the job, there was nothing in the record about the nature or duration of that employment. Nor did Wright-Hines ever mention work as a cashier when she testified at length about past experience at her hearing before the ALJ. Before relying on the conclusory statements in the record, the ALJ should have at least inquired into the discrepancy between Wright-Hines' testimony and the statements on which he intended to rely. Had the ALJ simply asked Wright-Hines at her hearing whether she had previously worked as a cashier, she could have presented her arguments against a finding that any such work constituted past relevant work. The failure to do so contravened the ALJ's basic obligation to develop the record.

I reiterate that this is an unusual case, and I do not believe that granting a remand would treat Wright-Hines differently from other claimants. All claimants deserve a full and fair hearing; Wright-Hines did not receive one.

Thus, I respectfully dissent.