NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0612n.06

No. 16-3442

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 17, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CRYSTAL L. RUSSELL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: COLE, Chief Judge; BOGGS and SILER, Circuit Judges.

PER CURIAM. Crystal L. Russell appeals the district court's judgment affirming the denial of her applications for disability-insurance benefits and supplemental-security-income benefits.

In 2011, Russell filed applications for disability-insurance benefits and supplemental-security-income benefits, alleging that she became disabled on September 1, 2010 due to anxiety attacks, bipolar disorder, post-traumatic stress disorder, obsessive compulsive disorder, multiple personalities, and depression. After the Social Security Administration denied the applications, Russell requested a hearing before an administrative law judge (ALJ). The ALJ determined that Russell was not disabled within the meaning of the Social Security Act, and the Appeals Council declined to review the case. The district court affirmed the denial of Russell's applications.

On appeal, Russell argues that the ALJ's disability determination is not supported by substantial evidence because it is based in part on testimony from a vocational expert (VE) that is

ambiguous concerning whether Russell has the residual functional capacity to perform her past relevant work or other jobs in the national economy. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a reasonable mind might accept the relevant evidence as adequate to support a conclusion. *Id.* at 406. We review de novo the district court's conclusions on each issue. *Id.*

At the administrative hearing, the ALJ asked the VE whether a hypothetical individual with Russell's age, education, and work experience could perform Russell's past relevant work, which included being a medical cleaner, assuming that the individual had certain limitations, including that she was "hesitant to ask questions or ask for help." The VE gave the following response:

> I think you could do the cleaning job within the profile. I mean, as far as hesitancy to ask questions, the main issue I would see there is you know, is she going to not know how to do her work or you know, do it incorrectly. That could be problematic, but if it's not happening all the time and she's not proceeding with incorrect, you know, then I think she could do the cleaning job.

The VE then testified that the hypothetical individual could also perform other jobs such as laundry worker and marker/ticketer. The ALJ incorporated the proposed limitations into Russell's residual functional capacity and relied on the VE's testimony in concluding that Russell could perform both her past work as a medical cleaner and other jobs in the national economy.

The ALJ properly relied on the VE's testimony because it was not ambiguous concerning whether Russell retained the capacity to work. Rather, when viewed in context, the VE's testimony is reasonably understood to mean that, if Russell were entirely unable to ask questions

about how to do her work properly, it could affect her ability to perform her past job as a medical cleaner or other jobs, but the fact that she is hesitant to ask questions or ask for help does not preclude her from performing those jobs. The VE unequivocally stated that a person with Russell's limitations "could do the cleaning job" and other jobs in the national economy.

As the district court correctly held, even if the VE's testimony was ambiguous, there was substantial other evidence that she could perform her past relevant work as a medical cleaner. An ALJ may, but is not required, to use the services of a vocational expert. *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010); 20 C.F.R. § 404.1560(b)(2). In this case, the ALJ explicitly found that the VE's testimony as well as the totality of the other evidence supported a finding that she could perform past relevant work. The evidence shows that Russell had substantial prior experience as a cleaner in a nursing home, that she had no trouble understanding simple instructions, that she would not forget simple instructions from one day to the next, and that she had completed high school and some college. Even without the VE's testimony, there is substantial evidence that Russell could perform past relevant work, which supports the ALJ and district court's finding that Russell is not disabled.

Accordingly, we **AFFIRM** the district court's judgment.